WYCHE (VIESCA v.). See Case No. 16,940.

## Case No. 18,106b.

### WYCKOFF v. PAGE.

[11 Reporter, 526.] [1]

Circuit Court, S. D. New York. March 8, 1881.

ESTOPPEL—NECESSITY OF FRAUD—MISSTATEMENT BY AGENT.

1. To constitute an estoppel there must be some intended deception of the party to be estopped, or such gross negligence on his part as to amount to a constructive fraud, by which another has been misled to his injury.

2. A principal may be estopped by the intentional, wilful misstatement of an agent.

On motion for a new trial.

SHIPMAN, District Judge. The general principle of estoppel in pais is laid down in Pickard v. Sears, 6 Adol. & E. 469, as follows: "Where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." In general there must be "some intended deception in the conduct or declaration of the party to be estopped, or such gross negligence on his part as to amount to a constructive fraud by which another has been misled to his injury." Brant v. Coal Co., 93 U. S. 326; Morgan v. Railway Co., 96 U. S. 716. The court charged the jury that if the bankrupt, whom the defendant as assignee represents, either by himself or his general agent, fully authorized and empowered to get the note discounted, and clothed with all the powers of the owner in respect to the note, induced Van Horn to take it upon the intentional misrepresentation and wilfully untrue assertion that it

1 [Reported by Samuel H. Hempstead, Esq.]

1 [Reprinted by permission.]

was a business note, then the defendant was estopped to assert the truth in regard to its origin. To this part of the charge the defendant excepted. He does not now object to the proposition that a principal may be estopped by the intentional, wilful misstatement of the agent, who was the principal's other self. The authorities which are cited are upon the effect of the declaration of the agent, who was not clothed, and was not apparently clothed, with general powers, and the defendant's position is that the jury should have been charged that the defendant was not estopped unless the agent was authorized to make the representations, and that the court assumed that Smith was a general agent. It is not to be supposed that either of the parties understood at the time when the charge was given that the court was assuming that the agency had been established. That question was plainly enough left to the jury. Upon all the material questions in the case there was sufficient evidence to justify the verdict of the jury. Motion denied.